UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DAVID LAWRENCE HOLT, a/k/a David L. Holt, | ) ) ) | |
| Petitioner, | ) ) | Civil Action No. 6: 13-245-DCR |
| V. | ) ) ) | |
| K. EDENFIELD, Warden of FCI-Manchester, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

David Lawrence Holt ("Holt") is an inmate confined in the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"). Proceeding without an attorney, Holt filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for the purpose of challenging the legality of his federal conviction. [Record No. 1] However, because a § 2241 petition is not the proper avenue for obtaining the relief sought, his petition will be denied.

## I.

On May 10, 2005, Holt was charged with being a convicted felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). *See United States v. David Lawrence Holt*, Criminal Action No. 2: 05-047 (E.D. Tenn. May 10, 2005). On August 22, 2005, Holt pleaded guilty to the charged offense pursuant to a written plea agreement. [*Id.*, at Record No. 14-15 therein] Because Holt had three prior felony convictions relating to three separate incidents of breaking

and entering with the intent to commit a felony, he was sentenced under the Armed Career Criminal Act ("ACCA") and was subject to a mandatory minimum 15-year sentence. On February 13, 2006, he was sentenced to a 180-month term of incarceration, followed by a five year term of supervised release. [*Id.*, at Record No. 40 therein]

Holt unsuccessfully appealed his conviction and sentence (including the enhancement of his sentence under § 924(e)) to the Sixth Circuit. *United States v. David L. Holt,* No. 06-5281 (6th Cir. July 16, 200) (unpublished) [*See also Holt*, Criminal Action No. 2: 05-047 (E.D. Tenn. May 10, 2005), at Record No. 46 therein] Thereafter, Holt moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, claiming that he had received ineffective assistance of counsel during plea negotiations, at sentencing, and on appeal. [*Id.*, at Record No. 47 therein] On February 3, 2010, the sentencing court denied Holt's § 2255 motion and further declined to issue a Certificate of Appealability. [*Id.*, at Record Nos. 86, 87 therein] Unsatisfied, Holt appealed the denial of his § 2255 motion to the Sixth Circuit. Construing his notice of appeal as an application for a Certificate of Appealability, the Sixth Circuit denied the requested relief. [*Id.*, at Record No. 96 therein]

On January 12, 2011, Holt filed another motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [*Id.*, at Record No. 101 therein] But because Holt had not received permission from the Sixth Circuit to file a second or successive § 2255 motion, the trial court transferred the matter to the appellate court for further consideration. [*Id.*, at Record No. 103 therein] On August 4, 2011, the

Sixth Circuit denied Holt's motion for leave to file a second or successive § 2255 motion. [*Id.*, at Record No. 104 therein]

On July 9, 2012, Holt filed a motion to vacate the judgment denying his § 2255 motion pursuant to Fed. R. Civ. P. 60(b)(6). In support, Holt claimed that he had recently discovered that the United States had committed a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding evidence that the arresting police officer had committed perjury. [*Id.*, at Record No. 110 therein] The court construed Holt's Rule 60(b)(6) motion as a third motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. And because Holt had filed that motion without having received permission from the Sixth Circuit to file a second or successive § 2255 motion, the trial court transferred it to the Sixth Circuit for further consideration. [*Id.*, at Record No. 111 therein] Holt appealed that decision to the Sixth Circuit (Case No. 12-5834), but later moved to voluntarily dismiss the appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. [*Id.*, at Record No. 112 therein] On December 9, 2013, Holt filed the current petition under § 2241. [Record No. 1; *see also* Record No. 8 (supporting memorandum).]

## II.

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). It must deny a petition "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). Because Holt is not represented by an attorney, the Court evaluates his petition under

a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Holt's factual allegations as true, and construes all legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Holt claims that, based on information he obtained after entering into his plea agreement, he is actually innocent of the charged offense to which he pleaded guilty. More specifically, Holt contends that: (i) he was unaware of the presence of the firearm that the arresting officer, Trooper David Osborne, found in the back seat of the vehicle in which he was a passenger; (ii) the firearm was owned by his wife's daughter-in-law Christie Lynch who had recently purchased the firearm and had left it in the vehicle in which he was a passenger; (iii) he was led to believe that if he went to trial, Christie Lynch would testify that the firearm she purchased was a .25 caliber automatic, while the firearm found in the vehicle was a .22 caliber weapon; and (iv) Trooper David Osborne committed perjury because his initial police report contradicts his grand jury testimony. Holt asserts that had he been correctly informed regarding these issues, he would not have pleaded guilty and would have proceeded to trial. [Record No. 1-1, pp. 6-7] Further, he argues that this information was exculpatory and was not available to him earlier, and establishes his actual innocence. For these reasons, Holt believes that a § 2255 motion is inadequate and ineffective and, therefore, he is entitled to proceed with the present habeas petition under § 2241. Holt seeks to have his conviction and sentence vacated. [Record No. 1-1, p. 12]

However, § 2241 is not the proper mechanism for making this claim. As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal

conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence, *i.e.*, the Bureau of Prisons' calculation of sentence credits or other issues affecting the length of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). Therefore, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241.

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner may challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply if a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a defendant may only pursue a claim of actual innocence under § 2241

when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Here, Holt's claim of "actual innocence" is not based on a new rule of law made retroactive to cases on collateral review by a Supreme Court case. Instead, his claim of actual innocence is grounded on a combination of ineffective-assistance-of-counsel claims and the alleged recently discovered evidence of a *Brady* violation. However, he has previously raised these claims either on direct appeal, in his initial § 2255 motion, or in his second or successive § 2255 motions that were filed in the absence of a Certificate of Appealability. Such a foundation will not support an "actual innocence" claim. *See Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010) ("[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). Indeed, several courts have explicitly rejected reliance on ineffective assistance of counsel to invoke § 2255's savings clause. *See, e.g., Ball v. Conner*, 83 F. App'x 621, 622 (5th Cir. 2003); *Coakley v. Tombone*, 67 F. App'x 248 (5th Cir. 2003).

Moreover, as the Sixth Circuit has explained, a prisoner generally must "show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause." *Enigwe v. Bezy*, 92 F. App'x 315, 317 (6th Cir. 2004). Holt has pointed to no such change in the law. And because Holt has not

established that his § 2255 motion was "inadequate or ineffective to test the legality of his detention," he has failed to demonstrate that he is entitled to proceed under § 2241.

**III.**

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1. Petitioner David L. Holt's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This 23rd day of April, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge